**FIRST STATE BANK OF KEENE, Appellant,**

**v.**

**R. T. NORTHROP et al., Appellees.**

**No. 5369.**

Court of Civil Appeals of Texas, Waco.

Jan. 30, 1975.

Rogers & Hammond, Cleburne, for appellant.

Anderson & Anderson (David B. Anderson), Cleburne, for appellees.

HALL, Justice.

On June 8, 1972, R. T. Northrop and Warren Edge co-signed a note payable to First State Bank of Keene. The note was in the principal sum of $4,242.60, payable in 36 equal instalments of $117.85 beginning July 22, 1972. Collateral for the note was a 1972 Dodge van-type truck. Bank brought this suit against Northrop and Edge to recover an alleged deficiency balance owing on the note after repossession and sale of the collateral by Bank. Trial without a jury resulted in judgment that Bank recover $1,168.94 and attorneys fees from Edge, but that it recover nothing from Northrop. Bank appeals from the take-nothing order. We affirm.

Sections 9.503 and 9.504, Vernon's Ann. Tex.Bus. & Com.Code, provide for the repossession and sale of collateral by a secured party if specified prerequisites, which vary with the circumstances, are met. Under the facts of our case, Bank was required by the provisions of paragraph (c) of Sec. 9.504 to give Northrop "reasonable notification of the time and place" of sale of the collateral. The trial court expressly based the take-nothing judgment in favor of Northrop upon the conclusion that Bank failed to give this notice. The single question we are called upon to decide is whether there is any probative evidence to support the finding upon which the conclusion is based.

This transaction was handled for Bank by Charles I. Hanks, its president. He testified that Bank repossessed the truck "sometime late in November of '72" from Edge; that two payments on the note were past due at that time; that he sold the truck on December 2, 1972, for $2,575, at a private sale, and credited the note with that amount on the day of sale; and that on December 5, 1972, he sent the following letter to Northrop:

"We have repossessed your 1972 Dodge van, motor no. B21AE2U578770. You will have seven (7) days from this date to pay this balance in order to clear your account at this bank. The pay-off of your note is $3,470.05."

Northrop testified that the note was co-signed by him because it was he who sold the van truck to Edge; that Bank's letter of December 5th was received by his wife while he was out of town; that she told him about it when he telephoned home on December 8th; that he immediately called Hanks, seeking to be "given the first opportunity to dispose of [the van] or keep it and make arrangements to pay it"; that Hanks told him, "Mr. Northrop, I do not wish to do business with you"; that he has never before had property repossessed from him; and that the letter of December 5th was his first notice of this repossession.

The note shows a credit on December 2, 1972, of $2,575, as testified to by Hanks.

The evidence we have recited supports determinations by the trial court that the truck was sold on December 2nd without notice to Northrop, and that he was not given notice of the repossession or the sale until after the sale was made. Notice of the sale after the fact is not "reasonable notice" within the meaning of Sec 9.504 of the Tex.Bus. & Com.Code.

The judgment is affirmed.